# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DENISE COYNE, | ) ) |
| Serve at: 1631 Jonquil Drive<br>St. Louis, Missouri 63119 | ) ) ) ) |
| | )  Cause No. |
| AARON BOCKMAN, | ) ) |
| Serve at: 376 S. Gore Ave.<br>Webster Groves, Missouri 63119 | ) ) ) ) |
| TOBI BOCKMAN, | ) ) |
| Serve at: 376 S. Gore Ave.<br>Webster Groves, Missouri 63119 | ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT FOR DECLARATORY JUDGMENT – INSURANCE POLICY**

**COMES NOW** Plaintiff American Family Mutual Insurance Company ("American Family") and for its cause of action against Defendants Denise Coyne, Aaron Bockman, and Tobi Bockman (hereinafter collectively "Defendants") states and alleges as follows:

1.  Plaintiff American Family is an insurance company incorporated under the laws of the State of Wisconsin, presently in good standing in the State of Missouri, and is lawfully engaged in the insurance business in the State of Missouri.

2.  Plaintiff American Family's principal place of business is located in the State of Wisconsin at 6000 American Parkway, Madison, Wisconsin 53783.

3. Upon information and belief, Defendant Denise Coyne is a citizen of Missouri and resides at 1631 Jonquil Drive, St. Louis, Missouri 63119.

4. Upon information and belief, Defendant Aaron Bockman is a citizen of Missouri and resides at 376 S. Gore Ave., St. Louis, Missouri 63119.

5. Upon information and belief, Defendant Tobi Bockman is a citizen of Missouri, and resides at 376 S. Gore Ave., St. Louis, Missouri 63119.

6. Since Plaintiff American Family is a citizen of Wisconsin and the Defendants are all citizens of Missouri, diversity jurisdiction exists in this case.

7. There is a current case and controversy between the parties to this action. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, to obtain a declaration of American Family Mutual Insurance Company's legal obligations under an insurance policy issued to Denise Coyne.

8. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and Local Rule 3-2.07 because Defendant resides within the Eastern Division of the Eastern District of Missouri. Further, venue is proper in the Eastern Division of the Eastern District of Missouri because a substantial part of the events or omissions giving rise to the claim occurred in St. Louis County, Missouri.

10. That under a policy of homeowners insurance known as Policy No. 24-B26667-01 ("Homeowners' Policy"), American Family insured Defendant providing liability coverage in the amount of $300,000 under the terms, conditions, and endorsements as contained within said

Homeowners' Policy. Said Homeowners' Policy had policy period effective dates of September 29, 2014 to September 29, 2015. A certified copy of said Homeowners' Policy is attached as Exhibit 1 and incorporated by reference.

11. That under a Personal Umbrella Policy of insurance known as Policy No. 24-UC0543-01 ("Umbrella Policy"), American Family insured Defendant providing liability coverage in the amount of $2,000,000 under the terms, conditions, and endorsements as contained within said Umbrella Policy. Said Umbrella Policy had policy period effective dates of July 1, 2014 to July 1, 2015. A certified copy of said Umbrella Policy is attached as Exhibit 2 and incorporated by reference.

12. That Defendants Aaron Bockman and Tobi Bockman are Plaintiffs in litigation known as *Aaron Bockman, et. al. v. Denise Coyne, et. al.*, Case No. 17SL-CC01218, filed in the Circuit Court of St. Louis County, Missouri. A copy of the Petition is attached hereto, known as Exhibit 3, and incorporated herein by reference and is hereinafter known as "Litigation."

13. That Defendant Denise Coyne is likewise a defendant in litigation known as *Aaron Bockman, et. al. v. Denise Coyne, et. al.*, Case No. 17SL-CC01218, filed in the Circuit Court of St. Louis County, Missouri. See Exhibit 3.

14. That within said underlying Litigation, Defendant Denise Coyne is subject to claims for violations of the Missouri Merchandising Practices Act, fraudulent misrepresentation, and, negligent misrepresentation, in connection with the sale of the Defendant's St. Louis County home, to the Bockman Defendants.

15. That American Family has been called upon to provide indemnification and a defense to Defendant Coyne in said underlying Litigation.

16. That the Homeowners' Policy identified as Exhibit 1 contains the following relevant language:

**DEFINITIONS**

**The following words in this policy have defined meanings.  They will be printed in bold type.**

**1. Bodily injury** means bodily harm, sickness or disease.  It includes resulting loss of services, required care and death.
**9. Occurrence** means an accident, including exposure to conditions, which results during the policy period, in:
a.  **bodily injury**; or
b.  **property damage.**
Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one **occurrence.**
**11.     Property damage** means physical damage to or destruction of tangible property, including loss of use of this property.  Loss of use of tangible property does not include any resulting loss of value of such damaged property.

**LIABILITY COVERAGES – SECTION II**
**COVERAGE D – PERSONAL LIABILITY COVERAGE**
**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.
**Defense Provision.**
If a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice.  We will defend any suit or settle any claim for damages payable under this policy as we think proper.
OUR OBLIGATION TO DEFEND ANY CLAIM OR SUIT ENDS WHEN THE AMOUNT WE HAVE OFFERED OR PAID FOR DAMAGES RESULTING FROM THE OCCURRENCE EQUALS OUR LIMIT.

2.  Even if it is determined that the allegations in the petition meet the definitions of 'bodily injury', 'property damage', or 'occurrence' there is a question whether one or more of the following exclusions prevent coverage from applying to the claim being made in the petition.

**EXCLUSIONS – SECTION II**

**Coverage D – Personal Liability** does not apply to:
**3. Property Owned or Controlled.  We** will not cover **property damage** to:
a.  property owned by any **insured;**
b.  property borrowed, used or occupied by, rented to or in the care of any **insured.**

**MISSOURI AMENDATORY HOMEOWNERS ENDORSEMENT**
**LIABILITY COVERAGES – SECTION II**
**EXCLUSIONS – SECTION II**
The following applies to all policies:
Under:
**Coverage D – Personal Liability and Coverage E – Medical Expense** do not apply to:
**Intentional Injury** is deleted and replaced by the following:

**Expected or Intended. We** will not cover **bodily injury** or **property damage** arising out an expected or intended act or omission.
a.  This includes any type of **bodily injury** or **property damage** that an **insured:**
(1) intends: or
(2) may expect to result from any intentional act or omission.
b.  This exclusion applies even if the **bodily injury** or **property damage** is:
(1) of a different kind, quality, or degree than intended;
(2) to a different person or property than intended;
(3) the result of a willful and malicious act, no matter at whom the act was directed;
(4) unexpected or unforeseen by the person injured or the owner of the property damaged; or
(5) sustained regardless of whether an **insured:**
(a) is under the influence of alcohol or any controlled substance;
(b) lacks the mental capacity to govern his or her conduct; or
(c) is deemed not to have had the mental capacity to form the legal intent to commit the act or omission.
c.  This exclusion applies regardless of the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

3. In no event is there any coverage for punitive damages. The liability insuring agreement, quoted above on page 3, states that only compensatory (or actual) damages will be paid. Additionally, the Missouri Amendatory Homeowners Endorsement contains an exclusion for punitive damages, which states:

**Coverage D – Personal Liability** does not apply to:
**Punitive Damages** is deleted and replaced by the following:
**Punitive, Statutorily Imposed, or Court Ordered Damages. We** will not cover punitive, statutorily imposed, or court ordered damages. This includes any Personal Liability for:
a.  punitive, exemplary, statutorily imposed, multiple, or aggravated damages;
b.  fines, penalties, or court ordered restitution; or
c.  awarded or statutorily mandated attorney fees related to a. or b. above.

17. That the Umbrella Policy identified as Exhibit 2 contains the following relevant

language:

**DEFINITIONS**
**When the following words in this policy have defined meanings, they will be printed in bold type.**

**1.  Bodily injury** means bodily harm, sickness or disease.  It includes required care, loss of services and resulting death.  **Bodily injury** does not include:

c.  emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to a person.

**8.  Injury** means **bodily injury, personal injury** or **property damage.**

**13. Occurrence** means:

a. Under Personal Liability Coverage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in **personal injury** and/or **property damage;**

**14.        Personal Injury** means:
a.        **Bodily Injury;**
b.        False arrest, detention or imprisonment;
c.        Malicious prosecution;
d.        Libel, slander, humiliation or defamation of character;
e.        Invasion of privacy, wrongful eviction or wrongful entry.

**16.   Property damage** means:
a.   Physical harm to tangible property, including all resulting loss of use of that property; or
b.   Loss of use of tangible property that is not physically injured.

**COVERAGES**
**PERSONAL LIABILITY COVERAGE**
**We** will pay, up to our **limit,** compensatory damages for which an **insured** becomes legally liable for **injury** caused by an **occurrence** covered by this policy.  This coverage applies only to damages in excess of the **primary limit.**

**DEFENSE PROVISION**
If a suit is brought against an **insured** for damages because of **injury** caused by an **occurrence** to which this policy applies, **we** will provide a defense at our expense by counsel of our choice.
HOWEVER, WE ARE NOT OBLIGATED TO DEFEND IF:
1.  THE OCCURRENCE IS COVERED BY OTHER INSURANCE AVAILABLE TO AN INSURED; OR
2.  THERE IS NO APPLICABLE UNDERLYING INSURANCE IN EFFECT AT THE TIME OF THE OCCURRENCE AND THE AMOUNT OF DAMAGES CLAIMED OR INCURRED IS LESS THAN THE APPLICABLE PRIMARY LIMIT SHOWN IN THE DECLARATIONS OF THIS POLICY.

**EXCLUSIONS**

This policy does not cover

**5.  Contractual Liability.  We** will not cover liability assumed by an **insured** under any contract or agreement:
a.  Not in writing; or
b.  For damage to property to the extent the **insured** is legally required to provide insurance for that property.

**11. Intentional Injury.  We** will not cover **injury** caused by or at the direction of any **insured** even if the actual **injury** is different than that which was expected or intended from the standpoint of any **insured.**  This exclusion does not apply to **personal injury** when your actions are not fraudulent, criminal or malicious.

**18. Property Owned or Controlled.  We** will not cover **property damage** to:

a.  property owned by an **insured;**

b.  property rented to, borrowed, used or occupied by, rented to or in the care of any **insured.**

c.  Property owned by a corporation or association of property owners of which the **insured** is a member.

If the insured has liability coverage under the underlying insurance listed in the declarations, parts b and c of this exclusion do not apply, but coverage under this policy will be no broader than the underlying insurance.

**19. Punitive Damages.  We** will not cover punitive or exemplary damages.

18. That Policy No. 24-B26667-01 and Policy No. 24-UC0543-01 do not provide liability coverage for the allegations and damages asserted in the underlying litigation in that: (a) the loss set forth in the underlying Petition does not meet the definitions of "bodily injury" and "property damage"; (b) the loss set forth in the underlying Petition is specifically excluded by the Policy's exclusions cited above; and (c) the Petition in the underlying litigation does not allege an occurrence as defined by the Policy.

19. That this court is empowered to declare the rights and obligations of Plaintiff American Family under the Policy; that Plaintiff American Family is entitled to judgment declaring that no coverage exists for any liability of Defendant Coyne arising out of the action filed by the Underlying Plaintiffs (Defendants Bockman) against Defendant Coyne as asserted in the underlying Litigation; that no coverage exists for any claims arising out of the underlying Litigation; that Plaintiff American Family is not liable under the policies previously identified as Exhibits 1 and 2 to Defendant Coyne under the liability portions of said policies; and that Plaintiff American Family has no obligation to defend Defendant Coyne in the underlying Litigation filed by the Underlying Plaintiff or in any other action arising out of the claims

referenced in the underlying Litigation or that Plaintiff American Family has the duty to investigate, pay costs or expenses of Defendant Denise Coyne in any litigation or claim arising out of the circumstances previously set forth.

**WHEREFORE**, Plaintiff American Family Mutual Insurance Company respectfully prays this Honorable Court issue its order declaring that no coverage exists under Policy No. 24-B26667-01 and Policy No. 24-UC0543-01 for any liability of Defendant Coyne which may be found against Defendant Coyne in any present or future claim or litigation arising out of the incidents more particularly described in the underlying Litigation known as ***Aaron Bockman, et. al. v. Denise Coyne, et. al.***, Case No. 17SL-CC01218, filed in the Circuit Court of St. Louis County, Missouri; that Plaintiff American Family Mutual Insurance Company is not liable to Defendants under the aforementioned insurance policies; that Plaintiff American Family Mutual Insurance Company is not liable under the Policy previously identified to defend, investigate, pay costs or expenses of Defendant Coyne in any present or future claim or litigation filed by the Underlying Plaintiffs (Bockman Defendants); and that Plaintiff American Family Mutual Insurance Company further prays for its costs and attorneys' fees expended herein along with any such further orders this Honorable Court deems just and proper under the circumstances.

*/s/Sean P. Dolan*
Sean P. Dolan, Bar No.: 62849MO
EVANS & DIXON, L.L.C.
Attorney for Plaintiff American Family
211 North Broadway, 25th Floor
St. Louis, Missouri  63102
Dolan:  (314) 552-4003 (Phone)
Dolan:  (314) 884-4403 (Fax)
sdolan@evans-dixon.com