UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., <br><br>  Plaintiff, <br><br> vs. <br><br> DENISE COYNE, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:18-CV-139-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff/Counterclaim Defendant American Family Mutual Insurance Company, S.I.'s ("American Family") Motion to Stay Amended Counterclaim and/or to Vacate and Amend Case Management Order and Supporting Memorandum (ECF No. 66).

Aaron Bockman and Tobi Bockman ("the Bockmans") filed suit ("Underlying Litigation")[1] in the Circuit Court of St. Louis County Missouri against Denise Coyne ("Coyne") seeking damages for misrepresentations made in connection with the sale of Coyne's family home to the Bockmans. American Family provided a defense to Coyne in the Underlying Litigation. However, American Family filed this declaratory judgment action against Defendants/Counterclaim Plaintiffs Denise Coyne, Aaron Bockman and Tobi Bockman. (Second Amended Complaint for Declaratory Judgment-Insurance Policy ("SAC"), ECF No. 38). In this declaratory judgment action, American Family asks this Court to determine if its insurance

---

[1] The Underlying Litigation is *Aaron Bockman, et al. v. Denise Coyne, et al.*, Case No. 17SL-CC01218.

1

policy (or policies) issued to Coyne provide coverage to Coyne and give rise to a duty to defend Coyne for claims made against her in the Underlying Litigation.

While American Family provided a defense to Coyne in the Underlying Litigation, American Family took the position that it would not pay to settle the Bockmans' claims while the coverage issue remained pending. One week prior to the trial setting in the Underlying Litigation, Coyne rejected the defense provided to her by American Family and entered into an agreement whereby the Bockmans would seek to collect a judgment only from American Family. After an uncontested bench trial, the court in the Underlying Litigation entered judgment ("the Judgement") against Coyne and in favor of the Bockamns in the amount of $202,069.41, including $34,053.00 in actual damages, $1,696.21 in prejudgment interest, $3,092.70 in taxable costs, $105,000.00 in punitive damages, and $58,277.50 in attorneys' fees.

The Bockmans filed a counterclaim against American Family on January 24, 2022, alleging bad faith failure to settle and breach of fiduciary duty. The Bockmans purport to be beneficiaries of an assignment of those claims.

In the Motion to Stay, American Family asks the Court to resolve the coverage issues first and stay the Case Management Order as to the Bockmans' counterclaims for bad faith failure to settle and breach of fiduciary duty. (ECF No. 66 at 2, 6 (citing *Stone v. Farm Bureau Town & Country Ins. Co. of Missouri*, 203 S.W.3d 736, 749 (Mo. Ct. App. 2006)). American Family contends that the Bockmans cannot assert these claims if American Family does not owe any coverage under the appliable policy/policies. (*Id*.) Accordingly, American Family argues that staying the Counterclaim until the Court resolves coverage issues would serve judicial economy, as well as preserve the parties' resources and time.

In response, the Bockmans argue that the Court should not stay the cause of action because Missouri does not require the insurer to be liable under the insurance policy to maintain a cause of action for bad faith failure to settle. (ECF No. 69, p. 4). The Bockmans argue that to prove a bad faith failure-to-settle claim under Missouri law, the insured is required to show the insurer: (1) reserved the exclusive right to contest or settle any claims brought against the insured; (2) prohibited the insured from voluntarily assuming any liability or settling any claims without consent; and (3) was guilty of fraud or bad faith in refusing to settle a claim within the policy limits. *Zurich Am. Ins. Co. v. Fluor Corp.*, No. 4:16CV00429 ERW, 2020 WL 5642315, at *9 (E.D. Mo. Sept. 21, 2020) (citing *Purscell v. Tico Ins. Co.*, 790 F.3d 842, 846-47 (8th Cir. 2015)(citing *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827 (Mo. banc 2014)). Thus, the Bockmans maintain that the "issues of coverage and bad faith are intertwined [and] to bifurcate discovery would result in duplication of depositions and other efforts (i.e. dispositive motion practice), which would only serve to increase the costs of litigation for all parties, and increase (rather than decrease) the Court's involvement in this matter." (ECF No. 69, p. 7).

The Bockmans claim that, in Missouri, a "bad faith failure to settle claim … does not require [the claimant] to establish a right to indemnity coverage[.]" *Fluor Corp. v. Zurich Am. Ins. Co.*, No. 4:16CV00429 ERW, 2021 WL 3021973, at *15 (E.D. Mo. July 16, 2021); ECF No. 69 at 4. American Family, however, distinguishes *Fluor Corp. v. Zurich Am. Ins. Co.* because that case quoted one of the court's prior decisions involving a reservation of rights. Since a reservation of rights is not at issue in this case, *Fluor Corp. v. Zurich Am. Ins. Co.* is irrelevant to this case. Similarly, the Bockmans rely on *Advantage Bldgs. & Exteriors, Inc. v. Mid-Continent Cas. Co.*, 449 S.W.3d 16  (Mo. Ct. App. 2014) for the proposition that bad faith failure to settle claims can proceed to trial where the trial court previously declared that the insurer's policy did not provide

3

coverage for the underlying claims. (ECF No. 69 at 5). However, *Advantage Bldgs. & Exteriors, Inc. v. Mid-Continent Cas. Co.*, is inapposite because the plaintiff's case could only proceed despite a finding of no coverage because there was not "a proper and effective reservation of rights in place". 449 S.W.3d at 24. Since American Family has not waived its defenses and is not estopped from denying coverage, the Court finds that these cases do not support a bad faith claim proceeding if this Court does not find insurance coverage. *Cf. View Home Owner's Ass'n v. The Burlington Ins. Co.*, 552 S.W.3d 726, 733 (Mo. Ct. App. 2018); *Arch Insurance Company v. Sunset Financial Services, Inc.*, 475 S.W.3d 730, 735 (Mo. App. W.D. 2015); *see also Fischer v. First American Title Ins. Co.*, 388 S.W.3d 181, 191 (Mo. App. W.D. 2012) (where an insurer had no duty to defend or indemnify under the insurance policy, there cannot be a claim for vexatious refusal to defend or indemnify).

At this time, the Court will stay discovery and the CMO on issues related to the Counterclaim. The Court finds that the time and resources of both the Court and the parties would be best spent resolving whether Coyne has coverage under the applicable policy/policies. *See Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 552 (Mo. Ct. App. 2006) (a finding that there was no coverage under the policy "might advance the judicial economy of the trial court" because it would resolve the counterclaim for vexatious refusal and bad faith). Accordingly, the Court will stay all discovery related to the Counterclaim for 60 days to allow the parties to complete briefing of Plaintiff's Motion for Summary Judgment. This brief delay will allow it to resolve a central issue to the case, while not unduly prejudicing Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim Defendant American Family Mutual Insurance Company, S.I.'s Motion to Stay Amended Counterclaim and/or to Vacate and Amend Case Management Order and Supporting Memorandum (ECF No. 66) is **GRANTED**, in part.  This case is **STAYED** for 60 days as to Defendants/Counterclaim Plaintiffs' Counterclaim. The parties shall continue briefing on Plaintiff/Counterclaim Defendant American Family Mutual Insurance Company, S.I.'s Motion for Summary Judgment.

Dated this 12th day of July, 2022.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

5