**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:18-CV-139 RLW |
| v. | ) ) ) | |
| DENISE COYNE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff American Family Insurance Company, S.I.'s Bill of Costs (ECF No. 93). Plaintiff asks for $563.60 in costs for fees of the clerk ($400), fees for service of summons and subpoenas ($163.60). Defendants filed an opposition. (ECF No. 95).[1] This matter is fully briefed and ready for disposition.

**A. Standard of Review**

"Bills of costs should always be given careful scrutiny." *SJP Properties, Inc. v. Mount Vernon Fire Ins. Co.*, No. 4:14-CV-694 JAR, 2015 WL 7180501, at *1 (E.D. Mo. Nov. 16, 2015) (citing *Koppinger v. Cullin–Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975)). Costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (enumerating costs that are recoverable).[2] "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.

---

[1] Plaintiff did not file a reply in support of its Bill of Costs.

Ct. 1997, 2006 (2012): *168th & Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted)("Federal courts are bound by the limitations set out in section 1920."). While the Court has discretion in determining the amount of costs, only the categories of costs set forth in § 1920 may be taxed. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 US. 437, 445 (1987); *Perez v. BNSF Ry. Co.*, No. 18-00239-CV-W-BP, 2019 WL 7593373, at *1 (W.D. Mo. Sept. 16, 2019).

### B.  Discussion

#### 1.  Court's Discretion

"Rule 54(d)(1) provides that costs *should* be awarded to the prevailing party." *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016) (emphasis in original). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 565 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties"); *Marmo v. Tyson Fresh Meats,* 457 F.3d 748, 762 (8th Cir. 2006) (citing *Computrol, Inc. v. Newtrend, L.P.,* 203 F.3d 1064, 1072 (8th Cir. 2000)) (the district court has "substantial discretion" in awarding costs); *Bathke v. Casey's Gen. Stores,* 64 F.3d 340, 347 (8th Cir. 1995)(appellate court reviews district court award for "abuse of discretion").

Defendants ask the Court to use its discretion and not award costs to Plaintiff because this case involved difficult insurance coverage issues that Defendants litigated in good faith. (ECF No. 95 at 1-3).  Defendants also claim that "there is no question that Am. Fam. benefitted from the declaratory judgment action they brought against their own insured." (ECF No. 95 at 3).

2

The Court disagrees. The Court found that Plaintiff was clearly not liable to Defendants under the any policies issued to Defendant Denise Coyne. Further, although Plaintiff benefitted from judgment entered in its favor, the Court finds that recouping $400 in costs is reasonable given the protracted and laborious nature of these proceedings. Therefore, the Court grants Plaintiff costs in the amount of $400 for fees of the clerk.

### 2. Service Costs

Defendants further argue that Plaintiff improperly requested $150 for the cost of service of summons and subpoena because Plaintiff used a private process server. (ECF No. 95 at 3-4) (citing 28 U.S.C. § 1920).

"The costs for private service of process are not taxable under binding Eighth Circuit precedent." *Anderson v. Sullivan*, No. 404-CV-052, 2007 WL 2288142, at *5 (D.N.D. Aug. 7, 2007) (citing *Crues v. KFC Corporation,* 768 F.2d 230, 234 (8th Cir.1985); *Bunda v. Potter,* 2006 WL 266513 *3 (N.D. Iowa 2006) (noting that a good argument can be made for allowing such costs particularly given that the marshal's service no longer serves process for private parties absent exceptional circumstances). Based upon the Eighth Circuit's binding precedent, the Court denies Plaintiff's request for $150 in service costs.

### 3. Copying Costs

Finally, Defendants ask the Court to deny Plaintiff's requested $13.60 in copying costs because the reason for these copies were not adequately substantiated. (ECF No. 95 at 4). Defendants note that Plaintiff simply wrote "Copies: 136 @ .10 [cents] each".

The Court denies Plaintiff's request for $13.60 in copying costs because Plaintiff did not provide an adequate description. "Copy and exemplification fees may be awarded if the fees were incurred for items 'necessarily obtained' for use in the case." *Dunn*, 2011 WL 1060943, at *1 (citing 28 U.S.C. § 1920(4)). The Court cannot discern whether the copies were "necessarily obtained" to litigate this case from the limited explanation provided by Plaintiff. Therefore, the Court denies copying costs in the amount of $13.60.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff American Family Insurance Company, S.I.'s Bill of Costs (ECF No. 93) is **GRANTED**, in part, and **DENIED**, in part. The Court awards Plaintiff its costs in the amount of **$400**.

Dated this 29th day of December, 2022.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE